**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CHRISTOPHER ADAMS
MCCLURE,

     Plaintiff,

-vs-                                                     CASE NO.

TRANS UNION LLC and PNC
BANK, N.A.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHRISTOPHER ADAMS MCCLURE (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, TRANS UNION LLC (hereinafter "Trans Union") and PNC BANK, N.A. (hereinafter "PNC") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Broward County, Florida, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13.     PNC is an FDIC insured national bank headquartered at 222 Delaware Ave, Wilmington, Delaware 19801 that upon information and belief conducts business in the State of Florida.

14.     PNC is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15.     PNC furnished information about Plaintiff to Trans Union which was inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff is alleged to owe a debt to PNC, partial account number 433150006****, as to a mortgage loan (hereinafter "PNC Account"). Plaintiff does not have an account with PNC and never applied or gave permission to anyone to apply using his information for the PNC Account.

17.     Plaintiff has been a victim of identity theft for several years.

18.     On or about May 14, 2015, Plaintiff filed an Identity Theft Affidavit with the Internal Revenue Service.

19.     In or about November 2023, Plaintiff applied for rental housing. As required by the application process, Plaintiff's credit file was reviewed to determine

4

eligibility. To Plaintiff's surprise, his application was almost denied due to his past credit history, specifically the PNC Account had a high balance.

20.     Upon review of his credit file, Plaintiff observed the PNC Account was for a mortgage with a balance of $164,464. Plaintiff does not have a mortgage and does not own a house.

21.     On or about January 16, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 168406541. In this Report, he explained that he was a victim of identity theft.

22.     On or about January 24, 2024, Plaintiff mailed a detailed dispute letter to Trans Union regarding the inaccurate reporting. In the letter, Plaintiff explained the PNC Account did not belong to him and that he was a victim of identity theft. In the letter, Plaintiff included an image of his driver's license, Social Security card, and recent utility bill as proof of identity. Plaintiff also included images of the erroneous reporting, images of the IRS Identity Theft Affidavit, and images of the filed FTC Identity Theft Report, report number 168406541.

23.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail, tracking number 9589 0710 5270 1618 1789 80.

24.     On or about January 31, 2024, Trans Union responded to Plaintiff's detailed dispute letter by sending a copy of Plaintiff's credit report. Upon review,

Plaintiff observed personal identifying information including addresses, phone numbers, and date of birth that was incorrect and did not belong to him. Further, Plaintiff observed additional accounts on his credit report which did not belong to him including, Bank of America, partial account number 552433530978****; The Education Federal Credit Union, partial account number 7867461****, and Synchrony Bank, partial account number 447993108713****. Lastly, Plaintiff observed the PNC Account continued to be reported with a balance $163,538. However, Plaintiff had not made any payments to this account because it does not belong to him.

25.    Plaintiff did not receive dispute results in the mail from Trans Union. However, upon review of his updated credit report on or about February 19, 2024, Plaintiff observed the fraudulent PNC Account continued to be reported.

26.    On or about February 28, 2024, Plaintiff contacted Trans Union to request a copy of his credit report and upon review, observed the fraudulent PNC Account continued to be reported.

27.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

28.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

29.     Upon information and belief, Trans Union notified PNC of Plaintiff's dispute. However, PNC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

30.     On or about March 14, 2024, due to the continued inaccurate reporting, Plaintiff mailed another detailed dispute letter to Trans Union regarding the inaccurate reporting. In the letter, Plaintiff explained that he was a victim of identity of theft, and Trans Union was reporting personal identifying information which did not belong to him. Further, Plaintiff explained the Bank of America, partial account number 552433530978****; The Education Federal Credit Union, partial account number 7867461****, and Synchrony Bank, partial account number 447993108713****, were fraudulent and did not belong to him. Lastly, Plaintiff reiterated the PNC Account was also fraudulent and did not belong to him. In the letter, Plaintiff included an image of his driver's license, Social Security card, and recent utility bill as proof of identity. Plaintiff also included images of the erroneous reporting, images of the IRS Identity Theft Affidavit, and images of the filed FTC Identity Theft Report, report number 168406541.

31.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail, tracking number 9589 0710 5270 0785 3014 05.

32.    On that same day after mailing the detailed dispute letter, Plaintiff called Trans Union to also dispute the inaccurate reporting. The representative informed Plaintiff that they were correcting the personal identifying information, and that the inaccurate and fraudulent accounts would be investigated.

33.    On or about March 26, 2024, Trans Union responded to Plaintiff's disputes by stating his identity theft report was not valid and provided information regarding remedying identity theft.

34.    As of the filing of this Complaint, Plaintiff has not received dispute results from Trans Union.

35.    Despite Plaintiff's best efforts to have the erroneous reporting removed, Trans Union continued to report the fraudulent and unauthorized account(s) and balances(s) to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

36.    Trans Union has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

37.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

38.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the error(s);

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error(s);

    iv.    Loss of the ability to benefit from lower interest rates;

    v.    Apprehensiveness to apply for credit due to the fear of rejection; and

    vi.    Defamation as Defendants published inaccurate information to third party entities.

### CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Negligent)**

39.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

40.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41.     Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

42.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

43.     Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided a copy of the filed FTC Identity Theft Report and IRS Identity Theft Affidavit, which contained sworn testimony of the fraud.

44.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

45.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Willful)**

47.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

48.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

50.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

51.     Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided a copy of the filed FTC Identity Theft Report and IRS Identity Theft Affidavit, which contained sworn testimony of the fraud.

52.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

53.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Negligent)

55.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

56.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know Is unreliable.

57.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief,

Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

58.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

59.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

60.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT IV
## Violation of 15 U.S.C. § 1681i
## as to Defendant, Trans Union LLC (Willful)

61.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

62.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

63.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

64.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

65.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681g
### as to Defendant, Trans Union LLC (Negligent)

67.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

68.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

69.     Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

70.     Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

71.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

73.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681g
### as to Defendant, Trans Union LLC (Willful)

74.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

75.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

76.     Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

77.     Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

78.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

79.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

80.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, PNC Bank, N.A. (Negligent)

81.   Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

82.   PNC furnished inaccurate account information to Trans Union, and through Trans Union to all of Plaintiff's potential lenders.

83.   After receiving Plaintiff's disputes, PNC violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately

respond to Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

84.    Plaintiff provided all the relevant information and documents necessary for PNC to have identified that the account was fraudulent.

85.    PNC did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to PNC by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

86.    PNC violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

87.    As a direct result of this conduct, action and/or inaction of PNC, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss;

mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and inaction of PNC was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

89.    Plaintiff is entitled to recover costs and attorney's fees from PNC in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual damages against Defendant, PNC BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, PNC Bank, N.A. (Willful)

90.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-eight (38) as if fully stated herein.

91.    PNC furnished inaccurate account information to Trans Union, and through Trans Union to all of Plaintiff's potential lenders.

92.     After receiving Plaintiff's disputes, PNC violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

93.     Plaintiff provided all the relevant information and documents necessary for PNC to have identified that the account was fraudulent.

94.     PNC did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to PNC by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

95.     PNC violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

96.    As a direct result of this conduct, action and/or inaction of PNC, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and inaction of PNC was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

98.    Plaintiff is entitled to recover costs and attorney's fees from PNC in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PNC BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHRISTOPHER ADAMS MCCLURE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, TRANS UNION LLC and PNC BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 7th day of April 2024.

Respectfully Submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@TheConsumerLawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602

Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*